UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GAIL TIMMONS,

                              Plaintiff,

        v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                              Defendant.

Case No. 3:14-cv-05471-BHS-KLS

REPORT AND RECOMMENDATION

Noted for March 20, 2015

Plaintiff has brought this matter for judicial review of defendant's denial of her

application for disability insurance benefits. This matter has been referred to the undersigned

Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule MJR 4(a)(4) and as

authorized by *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261 (1976). After reviewing the

parties' briefs and the remaining record, the undersigned submits the following Report and

Recommendation for the Court's review, recommending that for the reasons set forth below,

defendant's decision to deny benefits be reversed and this matter be remanded for further

administrative proceedings.

                    FACTUAL AND PROCEDURAL HISTORY

On March 21, 2011, plaintiff filed an application for disability insurance benefits,

alleging disability as of November 20, 2010. *See* Dkt. 10, Administrative Record ("AR") 19.

That application was denied upon initial administrative review on July 11, 2011, and on

reconsideration on September 23, 2011. *See id.* A hearing was held before an administrative law

REPORT AND RECOMMENDATION - 1

judge ("ALJ") on October 3, 2012, at which plaintiff, represented by counsel, appeared and testified, as did a vocational expert. *See* AR 34-72.

In a decision dated February 15, 2013, the ALJ determined plaintiff to be not disabled. *See* AR 19-29. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on April 22, 2014, making that decision the final decision of the Commissioner of Social Security (the "Commissioner"). *See* AR 1; 20 C.F.R. § 404.981. On June 18, 2014, plaintiff filed a complaint in this Court seeking judicial review of the Commissioner's final decision. *See* Dkt. 3. The administrative record was filed with the Court on August 25, 2014. *See* Dkt. 10. The parties have completed their briefing, and thus this matter is now ripe for the Court's review.

Plaintiff argues defendant's decision to deny benefits should be reversed and remanded for further administrative proceedings, because the ALJ erred: (1) in failing to accommodate all of the limitations Raymond West, M.D., and Guthrie Turner, M.D., found in assessing plaintiff's residual functional capacity or providing sufficient reasons for rejecting them; (2) in failing to provide legally sufficient reasons for discounting plaintiff's credibility; and (3) in finding plaintiff to be capable of performing other jobs existing in significant numbers in the national economy. For the reasons set forth below, the undersigned agrees the ALJ erred with respect to the limitations found by Dr. West, in assessing plaintiff's residual functional capacity and in finding plaintiff to be capable of performing other jobs existing in significant numbers in that national economy, and therefore in determining plaintiff to be not disabled. Accordingly, the undersigned recommends that defendant's decision to deny benefits be reversed, and that this matter be remanded for further administrative proceedings.

<u>DISCUSSION</u>

The determination of the Commissioner that a claimant is not disabled must be upheld by

REPORT AND RECOMMENDATION - 2

the Court, if the "proper legal standards" have been applied by the Commissioner, and the "substantial evidence in the record as a whole supports" that determination. *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Commissioner of Social Security Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)). [1]

---

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

*Sorenson*, 514 F.2d at 1119 n.10.

REPORT AND RECOMMENDATION - 3

I.      The ALJ's Assessment of Plaintiff's Residual Functional Capacity

Defendant employs a five-step "sequential evaluation process" to determine whether a claimant is disabled. *See* 20 C.F.R. § 404.1520. If the claimant is found disabled or not disabled at any particular step thereof, the disability determination is made at that step, and the sequential process ends. *See id.* If a disability determination "cannot be made on the basis of medical factors alone at step three of that process," the ALJ must identify the claimant's "functional limitations and restrictions" and assess his or her "remaining capacities for work-related activities." Social Security Ruling ("SSR") 96-8p, 1996 WL 374184 *2. A claimant's residual functional capacity ("RFC") assessment is used at step four to determine whether he or she can do his or her past relevant work, and at step five to determine whether he or she can do other work. *See id.*

Residual functional capacity thus is what the claimant "can still do despite his or her limitations." *Id.* It is the maximum amount of work the claimant is able to perform based on all of the relevant evidence in the record. *See id.* However, an inability to work must result from the claimant's "physical or mental impairment(s)." *Id.* Thus, the ALJ must consider only those limitations and restrictions "attributable to medically determinable impairments." *Id.* In assessing a claimant's RFC, the ALJ also is required to discuss why the claimant's "symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical or other evidence." *Id.* at *7.

The ALJ in this case found plaintiff had the residual functional capacity:

**. . . to lift and/or carry up to 10 pounds occasionally and less than 10 pounds frequently, stand and/or walk up to two hours in an eight-hour workday, and sit up to six hours in an eight-hour workday. The claimant can perform unskilled, repetitive, routine work, and she would have unscheduled absences of two days per month from work.**

REPORT AND RECOMMENDATION - 4

AR 25 (emphasis in original). In so finding, the ALJ addressed the medical opinion evidence

from Dr. West as follows:

> The claimant underwent a consultative examination with Raymond West,
> M.D., on June 21, 2011. Dr. West completed a thorough physical
> examination. He opined that the claimant is able to stand and walk up to four
> hours in an eight-hour workday, with frequent breaks, and sit up to six hours,
> providing she is able to move about for short periods from time to time.
> Additionally, he indicated that the claimant could lift or carry 20 to 25 pounds
> occasionally and 10 to 12 pounds frequently, and bend and squat at least once,
> though she should not kneel, crawl, climb, push, or pull (Ex. 3F/4). Dr. West's
> opinion is consistent with the longitudinal record and well supported by his
> objective examination findings. Though the undersigned has provided
> additional restrictions, which are consistent with more recent medical records
> that were not available to Dr. West, some weight has been given to Dr. West's
> assessment, to the extent that it is consistent with the residual functional
> capacity outlined above and the conclusion that the claimant is not disabled.

AR 26. Plaintiff argues the ALJ's RFC assessment fails to account for – or give valid reasons for

not adopting – additional functional limitations Dr. West found, namely: (1) that plaintiff could

"stand and walk for up to four hours cumulatively in an eight-hour day *providing she is able to

take frequent breaks*"; (2) that she could "sit for up to six hours cumulatively in an eight-hour

day *providing she is able to move about for short periods from time to time*"; and (3) that

"[k]neeling, crawling, climbing, pushing, and pulling are not indicated and should be reserved

for emergency conditions." AR 325-26 (emphasis added).

      The ALJ is responsible for determining credibility and resolving ambiguities and

conflicts in the medical evidence. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998).

Where the medical evidence in the record is not conclusive, "questions of credibility and

resolution of conflicts" are solely the functions of the ALJ. *Sample v. Schweiker*, 694 F.2d 639,

642 (9th Cir. 1982).  In such cases, "the ALJ's conclusion must be upheld." *Morgan v.

Commissioner of the Social Security Admin.*, 169 F.3d 595, 601 (9th Cir. 1999). Determining

whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at

REPORT AND RECOMMENDATION - 5

1    all) and whether certain factors are relevant to discount" the opinions of medical experts "falls

2    within this responsibility." *Id.* at 603.

3        In resolving questions of credibility and conflicts in the evidence, an ALJ's findings

4    "must be supported by specific, cogent reasons." *Reddick*, 157 F.3d at 725. The ALJ can do this

5    "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence,

6    stating his interpretation thereof, and making findings." *Id.* The ALJ also may draw inferences

7    "logically flowing from the evidence." *Sample*, 694 F.2d at 642. Further, the Court itself may

8    draw "specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881

9
10   F.2d 747, 755, (9th Cir. 1989).

11       The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted

12   opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir.

13   1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can

14   only be rejected for specific and legitimate reasons that are supported by substantial evidence in

15   the record." *Id.* at 830-31. However, the ALJ "need not discuss *all* evidence presented" to him or

16   her. *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation

17   omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence

18   has been rejected." *Id.*; *see also Cotter v. Harris*, 642 F.2d 700, 706-07 (3rd Cir. 1981); *Garfield*

19   *v. Schweiker*, 732 F.2d 605, 610 (7th Cir. 1984).

20

21       In general, more weight is given to a treating physician's opinion than to the opinions of

22   those who do not treat the claimant. *See Lester*, 81 F.3d at 830.  On the other hand, an ALJ need

23   not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and

24   inadequately supported by clinical findings" or "by the record as a whole." *Batson v.*

25
26   *Commissioner of Social Security Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004); *see also Thomas*

REPORT AND RECOMMENDATION - 6

*v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." *Lester*, 81 F.3d at 830-31. A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." *Id.* at 830-31; *Tonapetyan*, 242 F.3d at 1149.

Defendant argues the ALJ captured the need for frequent breaks "by reducing Plaintiff's standing and walking capacity by half, and also granting her 'unscheduled absences' of two days per month from work." Dkt. 17, p. 7. As support for this, defendant points to the vocational expert's testimony that "[t]raditionally employers will tolerate two days per month or a total of 16 hours per month [of unscheduled absences] for whatever reason: coming in late, leaving early, taking unscheduled breaks, or just not showing up." AR 70-71. However, the vocational expert's testimony concerning unscheduled absences does not address the need for frequent breaks while standing and walking. Nor is it clear that a limitation to two hours cumulative of standing and walking as opposed to four hours necessarily addresses that need as well. The same is true with respect to the "normal breaks" defendant asserts are allowed by employers. Dkt. 17, p. 7. The undersigned thus does not find this argument persuasive.

The ALJ also erred in failing to accommodate or state any valid reasons for not adopting Dr. West's opinion that plaintiff could sit for up to six hours per day, providing she could move around from time to time. Again, the ALJ's allowance for two unscheduled absences per month does not address this need, and the ALJ did not further limit the amount of time plaintiff would have to sit. As for the postural limitations Dr. West assessed, the undersigned finds no harmful error in the ALJ's failure to include in the residual functional capacity assessment an inability to kneel, crawl and climb, given that those activities are not present in either of the jobs the ALJ

REPORT AND RECOMMENDATION - 7

1 | found plaintiff could perform.[2] *See* AR 29; Dictionary of Occupational Titles ("DOT") 726.687-
2 | 030, 1991 WL 679637; DOT 739.687-182, 1991 WL 680217. On the other hand, given that each
3 | of those job is sedentary – which may involve pushing and/or pulling – an inability to push
4 | and/or pull clearly could adversely impact an individual's performance thereof. *See* DOT
5 | 726.687-030, 1991 WL 679637; DOT 739.687-182, 1991 WL 680217.

6 | II.     The ALJ's Step Five Determination

7 |         If a claimant cannot perform his or her past relevant work, at step five of the disability
8 | evaluation process the ALJ must show there are a significant number of jobs in the national
9 | economy the claimant is able to do. *See Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999);
10 | 20 C.F.R. § 404.1520(d), (e). The ALJ can do this through the testimony of a vocational expert
11 | or by reference to defendant's Medical-Vocational Guidelines (the "Grids"). *See Osenbrock v.*
12 | *Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2000); *Tackett*, 180 F.3d at 1100-1101.

13 |         An ALJ's findings will be upheld if the weight of the medical evidence supports the
14 | hypothetical posed by the ALJ. *See Martinez v. Heckler*, 807 F.2d 771, 774 (9th Cir. 1987);
15 | *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984). The vocational expert's testimony
16 | therefore must be reliable in light of the medical evidence to qualify as substantial evidence. *See*
17 | *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). Accordingly, the ALJ's description of the
18 | claimant's disability "must be accurate, detailed, and supported by the medical record." *Id.*
19 | (citations omitted). The ALJ, however, may omit from that description those limitations he or
20 | she finds do not exist. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

21 |         At the hearing, the ALJ posed a hypothetical question to the vocational expert containing
22 | substantially the same limitations as were included in the ALJ's assessment of plaintiff's residual

---

[2] *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006) (error harmless where non-prejudicial to claimant or irrelevant to ALJ's ultimate disability conclusion); *Parra v. Astrue*, 481 F.3d 742, 747 (9th Cir. 2007) (finding any error on part of ALJ would not have affected "ALJ's ultimate decision.").

REPORT AND RECOMMENDATION - 8

functional capacity. *See* AR 69-71. In response to that question, the vocational expert testified that an individual with those limitations – and with the same age, education and work experience as plaintiff – would be able to perform the above two jobs. *See id.* Based on the testimony of the vocational expert, the ALJ found plaintiff would be capable of performing other jobs existing in significant numbers in the national economy. *See* AR 28-29. But because as discussed above, the ALJ erred in failing to fully accommodate or properly reject all of the functional limitations Dr. West opined, and therefore in assessing plaintiff's RFC, it cannot be said that the testimony of the vocational expert and thus the ALJ's step five determination of non-disability is supported by substantial evidence.

III.   This Matter Should Be Remanded for Further Administrative Proceedings

The Court may remand this case "either for additional evidence and findings or to award benefits." *Smolen*, 80 F.3d at 1292. Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." *Id.*

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292; *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the

REPORT AND RECOMMENDATION - 9

record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002).

Because issues still remain in regard to the opinion of Dr. West, plaintiff's RFC and plaintiff's ability to perform other jobs existing in significant numbers in the national economy, remand for further consideration thereof is warranted.

<u>CONCLUSION</u>

Based on the foregoing discussion, the undersigned recommends the Court find the ALJ improperly concluded plaintiff was not disabled. Accordingly, the undersigned recommends as well that the Court reverse defendant's decision to deny benefits and remand this matter for further administrative proceedings in accordance with the findings contained herein.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed set this matter for consideration on **March 20, 2015**, as noted in the caption.

DATED this 3rd day of March, 2015.


Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 10