UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GAIL TIMMONS,<br><br>                    Plaintiff,<br><br>  v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>                    Defendant. | Case No. 3:14-cv-05471-BHS-KLS<br><br>REPORT AND RECOMMENDATION GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES AND EXPENSES PURSUANT TO 28 U.S.C. § 2412<br><br>Noted for August 28, 2015 |

This case has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local Rule MJR 3 and 4. This matter comes before the Court on plaintiff's filing of a motion for attorney fees in the amount of $6,519.06 and expenses in the amount of $22.76 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. After reviewing plaintiff's motion, defendant's response to that motion, plaintiff's reply thereto, and the remaining record, the undersigned recommends that for the reasons set forth below plaintiff's motion be granted.

FACTUAL AND PROCEDURAL HISTORY

On March 3, 2015, the undersigned issued a Report and Recommendation, recommending that defendant's decision to deny plaintiff's application for disability insurance benefits be reversed and that this matter be remanded for further administrative proceedings. *See* Dkt. 19. That Report and Recommendation was adopted by the Court on March 25, 2015. *See* Dkt. 20. On June 24, 2015, plaintiff filed her motion for attorney fees and expenses, which was

REPORT AND RECOMMENDATION - 1

referred to the undersigned on July 30, 2015. *See* Dkt. 22-23. As defendant has filed her response to plaintiff's motion, and plaintiff has filed her reply thereto, this matter is now ripe for review.

## DISCUSSION

The EAJA provides in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Thus, to be eligible for attorney fees under the EAJA: (1) the claimant must be a "prevailing party"; (2) the government's position must not have been "substantially justified"; and (3) no "special circumstances" exist that make an award of attorney fees unjust. *Commissioner, Immigration and Naturalization Service v. Jean*, 496 U.S. 154, 158 (1990).

In Social Security disability cases, "[a] plaintiff who obtains a sentence four remand is considered a prevailing party for purposes of attorneys' fees." *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002) (citing *Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993).[1] Such a plaintiff is considered a prevailing party even when the case is remanded for further administrative proceedings. *Id.* There is no issue here as to whether plaintiff is a prevailing party given that as discussed above, as this case was reversed and remanded for further administrative

---

[1] Section 405(g) of Title 42 of the United States Code "authorizes district courts to review administrative decisions in Social Security benefit cases." *Id.*, 296 F.3d at 854. Sentence four and sentence six of Section 405(g) "set forth the exclusive methods by which district courts may remand [a case] to the Commissioner." *Id.* "The fourth sentence of § 405(g) authorizes a court to enter 'a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991); *see also Akopyan*, 296 F.3d at 854 (sentence four remand is "essentially a determination that the agency erred in some respect in reaching a decision to deny benefits.").

REPORT AND RECOMMENDATION - 2

proceedings. In addition, defendant does not argue that there are – nor do there appear to be – any special circumstances making an award of attorney's fees unjust.

As noted above, to be entitled to attorney fees under the EAJA, defendant's position must not be "substantially justified." *Jean*, 496 U.S. at 158. Normally, for defendant's position to be "substantially justified," this requires an inquiry into whether defendant's conduct was "'justified in substance or in the main' – that is, justified to a degree that could satisfy a reasonable person" – and "had a 'reasonable basis both in law and fact.'" *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)); *Penrod v. Apfel*, 54 F.Supp.2d 961, 964 (D. Ariz. 1999) (citing *Pierce*, 487 U.S. at 565); *see also Jean*, 496 U.S. at 158 n.6; *Flores v. Shalala*, 49 F.3d 562, 569-70 (9th Cir. 1995). As such, this "does not mean 'justified to a high degree.'" *Corbin v. Apfel*, 149 F.3d 1051, 1052 (9th Cir. 1998) (quoting Pierce, 487 U.S. at 565). On the other hand, "the test" for substantial justification "must be more than mere reasonableness." *Kali v. Bowen*, 854 F.2d 329, 331 (9th Cir. 1988).

Defendant has the burden of establishing substantial justification. *See Gutierrez*, 274 F.3d at 1258. Defendant's position must be "*as a whole*, substantially justified." *Id.* at 1258-59 (emphasis in original). That position also "must be 'substantially justified' at 'each stage of the proceedings.'" *Corbin*, 149 F.3d at 1052 ("Whether the claimant is ultimately found to be disabled or not, the government's position at each [discrete] stage [in question] must be 'substantially justified.'") (citations omitted); *see also Hardisty v. Astrue*, 592 F.3d 1072, 1078 (9th Cir. 2010) ("[D]istrict courts should focus on whether the government's position on the particular issue on which the claimant earned remand was substantially justified, not on whether the government's ultimate disability determination was substantially justified."). Accordingly, the government must establish that it was substantially justified both in terms of "the underlying

REPORT AND RECOMMENDATION - 3

conduct of the ALJ" and "its litigation position defending the ALJ's error." *Gutierrez*, 274 F.3d at 1259. As the Ninth Circuit further explained:

> The plain language of the EAJA states that the "'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D); *Jean*, 496 U.S. at 159, 110 S.Ct. 2316 (explaining that the "position" relevant to the inquiry "may encompass both the agency's prelitigation conduct and the [agency's] subsequent litigation positions"). Thus we "must focus on two questions: first, whether the government was substantially justified in taking its original action; and, second, whether the government was substantially justified in defending the validity of the action in court." *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1988).

*Id.*; *see also Kali*, 854 F.2d at 332 (noting government's position is analyzed under "totality of the circumstances" test)[2]; *Thomas v. Peterson*, 841 F.2d 332, 334-35 (9th Cir. 1988). Indeed, the Ninth Circuit has explicitly stated that "[i]t is difficult to imagine any circumstance in which the government's decision to defend its actions in court would be substantially justified, but the underlying decision would not." *Sampson*, 103 F.3d at 922 (quoting *Flores*, 49 F.3d at 570 n.11).

The EAJA does create "a presumption that fees will be awarded unless the government's position was substantially justified." *Thomas*, 841 F.2d at 335; *see also Flores*, 49 F.3d at 569 (noting that as prevailing party, plaintiff was entitled to attorney's fees unless government could show its position in regard to issue on which court based its remand was substantially justified). Nevertheless, "[t]he government's failure to prevail does not raise a presumption that its position was not substantially justified." *Kali*, 854 F.2d at 332, 334; *Thomas*, 841 F.2d at 335.

Substantial justification will not be found where the government defends "on appeal . . . 'basic and fundamental' procedural mistakes made by the ALJ." *Lewis v. Barnhart*, 281 F.3d

---

[2] As the Ninth Circuit put it in a later case: "[i]n evaluating the government's position to determine whether it was substantially justified, we look to the record of both the underlying government conduct at issue and the totality of circumstances present before and during litigation." *Sampson v. Chater*, 103 F.3d 918, 921 (9th Cir. 1996).

REPORT AND RECOMMENDATION - 4

1081, 1085 (9th Cir. 2002) (quoting *Corbin*, 149 F.3d at 1053). In *Corbin*, the Ninth Circuit found "the failure to make [specific] findings" and "weigh evidence" to be "serious" procedural errors, making it "difficult to justify" the government's position on appeal in that case. *Corbin*, 149 F.3d at 1053. In *Shafer v. Astrue*, 518 F.3d 1067, 1072 (9th Cir. 2008), the Ninth Circuit found the ALJ "committed the same fundamental procedural errors" noted in *Corbin* in failing "to provide clear and convincing reasons for discrediting [the claimant's] subjective complaints," and "to make any findings regarding" the diagnosis of a non-examining medical expert. The Court of Appeals went on to find the ALJ committed additional procedural errors not present in *Corbin*, including rejecting "a treating physician's opinion in favor of a non-treating physician's opinion without providing clear and convincing reasons." *Id.*

This matter was remanded because the ALJ failed to account for all of the physical functional limitations found by examining physician, Raymond West, M.D., in assessing plaintiff's residual functional capacity ("RFC"). Defendant argues the Commissioner was substantially justified in defending the ALJ's findings here, because they had a reasonable basis in both law and fact. The Court disagrees. An ALJ must explain why significant probative evidence has been rejected, and may only reject an examining physician's opinion for specific and legitimate reasons, even if that opinion is contradicted by other evidence. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996); *Vincent on Behalf of Vincent v. Heckler*, 739 F.3d 1393, 1394-95 (9th Cir. 1984). While the ALJ stated Dr. West's opinion was being given only some weight, no specific – let alone legitimate – reasons were provided for doing so.[3]

Defendant argues that notwithstanding these errors, the government's position had a

---

[3] In addressing Dr. West's opinion, the ALJ did reference "more recent medical records that were not available to Dr. West." AR 26. The ALJ, however, failed to explain what those records are, and only referred to them to support the inclusion of "additional restrictions" in plaintiff's RFC assessment. *Id.*

REPORT AND RECOMMENDATION - 5

reasonable basis in law and fact because other medical opinion evidence in the record supported the ALJ's RFC assessment. The ALJ, however, did not offer this as a basis for discounting Dr. West's opinion. *See Pinto v. Massanari*, 249 F.3d 840, 847 (9th Cir. 2001) (court "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision"); *see also Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) (error to affirm ALJ's decision based on evidence ALJ did not discuss). Further, the failure to provide specific and legitimate reasons for rejecting examining physician opinion evidence is the type of basic and fundamental procedural recognized by the Ninth Circuit as warranting a finding of not substantially justified. *See Shafer*, 518 F.3d at 1072; *Corbin*, 149 F.3d at 1053. Accordingly, the undersigned declines to find the Commissioner's position in this case to be substantially justified.

## CONCLUSION

For all of the foregoing reasons, the undersigned recommends that plaintiff's motion for attorney's fees, costs and expenses pursuant to the EAJA (*see* Dkt. 22) be granted.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. See also Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed set this matter for consideration on **August 28, 2015**, as noted in the caption.

DATED this 10th day of August, 2015.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6